IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ ) |
| DEVILBISS LANDSCAPE ARCHITECTS, INC. a corporation, d/b/a DEVILBISS LANDSCAPE ARCHITECTS; and PAUL DEVILBISS. | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin DEVILBISS LANDSCAPE ARCHITECTS, INC., a corporation, d/b/a DEVILBISS LANDSCAPE ARCHITECTS and PAUL DEVILBISS, individually, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant DEVILBISS LANDSCAPE ARCHITECTS, INC. d/b/a DEVILBISS LANDSCAPE ARCHITECTS is a corporation duly organized under the laws of the State of Delaware, with a registered agent's address at 115 Market Street, P.O. Box 398, Lewes, DE

19958.  Defendant is engaged in a landscape design business at 16086 Willow Creek Road, Lewes, DE 19958 which is within the jurisdiction of this court.

3.	Defendant PAUL DEVILBISS is the president and owner of the corporation identified in Paragraph 2.  Paul DeVilbiss has directed employment practices and has directly or indirectly acted in the interest of DeVilbiss Landscape Architects in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, and supervising employees day-to-day.  At all times relevant herein, Paul DeVilbiss has been responsible for making, keeping, and preserving records of DeVilbiss Landscape Architects employees, including employees' names, hours worked, rate of compensation, and total compensation.

4.	The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.	At DeVilbiss Landscape Architects, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including plants, trees, mulch, and other landscaping materials such as bricks, pavers, and gravel.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of DeVilbiss Landscape Architects are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Since at least April 18, 2014 through at least April 15, 2016, Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation under Section 16 of the Act and a judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

For example: During the time period from at least April 18, 2014, through at least April 15, 2016, Defendants failed to compensate their employees, including employees engaged in retail and wholesale nursery operations, who worked over 40 hours in a workweek, one and one-half times their regular rate for hours worked over 40. Workweeks for these employees ranged from approximately 60 to approximately 80 hours, but the employees did not receive time and one-half their regular rate for their overtime hours. Workers routinely handled landscaping materials including but not limited to mulch, bricks, pavers, and gravel. Workers also routinely handled plants and trees that were not grown by DeVilbiss. These activities are not agriculture within the meaning of the Act and the agricultural exemption inapplicable.

7. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Defendants failed to make, keep, and preserve records containing employees' total daily or weekly straight-time earnings or wages, exclusive of premium overtime compensation,

and employees' total premium pay for overtime hours, excluding the straight-time earnings for overtime hours. 29 C.F.R. §§ 516.2(a)(8-9).

8. As a result of the violations alleged in paragraphs 6 through 7 above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former employees, including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

9. A judgment granting recovery of said amounts is specifically authorized by Sections 16(c) and 17 of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of April 3, 2014 through April 15, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 15, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Dated: March 31, 2017

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By:/s/ *Elspeth L. Doskey*
Elspeth L. Doskey
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5149
215-861-5162 (fax)
Doskey.Elspeth.L@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff