**IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF DELAWARE**

| | |
|---|---|
| R. ALEXADER ACOSTA )<br>SECRETARY OF LABOR, UNITED )<br>STATES DEPARTMENT OF LABOR )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DEVILBISS LANDSACPE )<br>ARCHITECTS, INC., a corporation )<br>d/b/a DEVILBISS LANDSCAPE )<br>ARCHITECTS, and PAUL DEVILBISS, )<br> )<br>    Defendants. )<br> ) | Civil Action No. 17-00354-GMS |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Defendants DeVilbiss Landscape Architects, Inc. and Paul DeVilbiss ("DeVilbiss") respectfully urge this Court to dismiss Plaintiff's Complaint or, in the alternative, grant summary judgment in their favor. Plaintiff's Complaint does not present enough factual material to plausibly allege that DeVilbiss Landscape Architect's employees performed any non-overtime exempt work. DeVilbiss is therefore entitled to entry of judgment as a matter of law.

**II.    ARGUMENT**

**A.    Overview**.

DOL's Complaint should be dismissed. There is no dispute that DeVilbiss cultivates, grows, and harvest horticultural commodities. *See* 29 U.S.C. § 203(f). Because the Fair Labor Standards Act exempts all agricultural businesses for paying overtime, DOL's complaint seeking

1

unpaid overtime fails to state a claim upon which relief may be granted. *See* 29 U.S.C. §§ 213(b)(12); 207(a).

Faced with this reality, DOL resorts to selective quotes and tendentious paraphrasing in an attempt to manufacture a case out of nothing. DOL's argument is that DeVilbiss' workers may have touched an immature horticultural product grown originally by another grower. DOL asserts that this alleged fact alone strips DeVilbiss of its exemption from overtime. What DOL never tells the Court clearly is that the "rule" it cites applies only to packing houses and storage facilities and DOL itself never alleges (nor could it) that DeVilbiss is a packing house or a storage facility. After an eleven-month investigation, DOL brought a federal case based on a legal theory that is facially inapplicable to DeVilbiss. This case should be dismissed without further ado.

**B.      Plaintiff Misstates The Law Concerning The Agricultural Exemption From The Payment Of Overtime.**

DOL has no case against DeVilbiss based on the law as it stands. DeVilbiss unquestionably cultivates, grows, and harvests horticultural commodities. So, citing 29 C.F.R. § 780.209, DOL argues that DeVilbiss must pay overtime because it buys immature plants from other sources rather than raising them from seed. DOL's argument flies in the face of almost 80 years' worth of judicial and administrative interpretation of what qualifies as "agriculture" under § 203(f) of the Fair Labor Standards Act.[1]

The definition of agriculture under the FLSA is broad, not narrow as DOL states. *See* Opposition, p. 1; *see also Reich v. Tiller Helicopter Servs.*, 8 F.3d 1018, 1024 (5th Cir. 1993). Senator (later Justice) Black explained that the FLSA "specifically excludes workers in agriculture of all kinds and of all types. There is contained in the measure, perhaps, the most comprehensive

---

[1] *See Sandifer v. U.S. Steel Corp.*, 134 S. Ct. 870, 879 n. 7 (2014) (("[I]n *Christopher* v. *SmithKline Beecham Corp.*, 567 U.S. ___, ___-___, n. 21, 132 S. Ct. 2156 n.21 (2012), we declared the narrow-construction principle inapplicable to a provision appearing in §203, entitled "Definitions."")

definition of agriculture which has been included in any one legislative proposal." *Id.*, quoting 81 Cong. Rec. 7648 (1937) (Statement of Sen. Black). From the immediate aftermath of the FLSA's passage to the present, courts have recognized how expansive the definition of "agriculture" is. *See Addison v. Holly Hill Fruit Prods., Inc.*, 322 U.S. 607, 612 (1944) ("Congress provided for eleven exemptions from the controlling provisions relating to minimum wages or maximum hours of the Fair Labor Standards Act. Employment in agriculture is probably the most far-reaching exemption."); *Maneja v. Waialua Agric. Co.*, 349 U.S. 254, 260 (1955) ("The exemption was meant to embrace the whole field of agriculture, and sponsors of the legislation so stated, 81 Cong. Rec. 7648, 7658. This Court also has had occasion to comment on its broad coverage."); *Barks v. Silver Bait, LLC*, 802 F.3d 856, 860 (6th Cir. 2015) ("Among the exempt are 'employee[s] employed in agriculture.' 29 U.S.C. § 213(b)(12). This exemption 'embrace[s] the whole field of agriculture.'"); *Reich*, 8 F.3d at 1025-26 (detailing legislative history); *Peacock v. Lubbock Compress Co.*, 252 F.2d 892, 893 (5th Cir. 1958) ("The great concern of Congress was to exempt agriculture as such from the Act."). The narrow definition DOL postulates finds no support in nearly 80 years of FLSA jurisprudence. The degree of DOL's misstatement reflects DOL's awareness that it has failed to state a claim under the law as it stands today.

DOL's misstatements are all the more glaring because they ignore *DOL's own interpretations* of the applicable definition.[2] Rather than being "narrow," DOL's non-litigation position is that the definition of "agriculture" is "very comprehensive." *See* 29 C.F.R. § 780.105(a).

---

[2] *See Barks v. Silver Bait, LLC*, 802 F.3d 856, 861 (6th Cir. 2015) ("[T]he Department's views were published in interpretive bulletins authored by the Administrator of the Wage and Hour Division, who expressly declined to exercise the Department's rulemaking authority.") As DOL states in 29 C.F.R. § 780.0:

> It is the purpose of the interpretative bulletins in this part to provide an official statement of the views of the Department of Labor with respect to the application and meaning of the provisions of the Fair Labor Standards Act of 1938, as amended, which exempt certain employees from the minimum wage or overtime pay requirements, or both, when employed in agriculture or in certain related activities or in certain operations with respect to agricultural or horticultural commodities.

3

The scope of "[t]he language 'farming in all its branches' includes all activities, . . ., which constitute farming or a branch thereof under the facts and circumstances." *See* 29 C.F.R. § 780.107. Thus, all authorities – Congress, the courts, and DOL's own interpretations outside of this case – establish that the definition of "agriculture" in the FLSA is broad and "very comprehensive." DOL's attempt to suggest otherwise simply highlights the weakness of its case.

In addition to the claim that the definition of "agriculture" is narrow, DOL proffers 29 C.F.R. § 780.209 to support its case. This is the only authority DOL offers and it is patently inapplicable. Section 780.209 states:

> Employees of a grower of nursery stock who work in packing and storage sheds sorting the stock, grading and trimming it, racking it in bins, and packing it for shipment are employed in "agriculture" provided they handle only products grown by their employer and their activities constitute an established part of their employer's agricultural activities and are subordinate to his farming operations. Such employees are not employed in agriculture when they handle the products of other growers (*Mitchell* v. *Huntsville Nurseries,* 267 F. 2d 286*; Jordan* v. *Stark Bros. Nurseries & Orchards Co.,* 45 F. Supp. 769).
>
> Agricultural activities would typically include employees engaged in the balling and storing of shrubs and trees grown in the nursery. Where a grower of nursery stock operates, as a separate enterprise, a processing establishment or an establishment for the wholesale of retail distribution of such commodities, the employees in such separate enterprise are not engaged in agriculture (see *Walling* v. *Rocklin,* 132 F.2d 3; *Mitchell* v. *Huntsville Nurseries,* 267 F.2d 286).
>
> Although the handling and the sale of nursery commodities by the grower at or near the place where they were grown may be incidental to his farming operations, the character of these operations changes when they are performed in an establishment set up as a marketing point to aid the distribution of those products. (Breaks added for readability).

By its own terms, § 780.209 and its "handle only products grown by their employer" standard apply ONLY to "[e]mployees of a grower of nursery stock who work in packing and storage sheds sorting the stock, grading and trimming it, racking it in bins, and packing it for shipment[.]" There is no allegation that DeVilbiss' employees "work in packing and storage sheds sorting the stock,

grading and trimming it, racking it in bins, and packing it for shipment." The photos attached to the Luk Declaration[3] show nothing of the kind, and the DeVilbiss Declaration establishes that they most certainly do not work in "packing and storage sheds." The "handle only products grown by their own employer" caveat does not apply to DeVilbiss.

The remainder of § 780.209 further negates any applicability to DeVilbiss. Section 780.209 states:

> Where a grower of nursery stock operates, as a separate enterprise, a processing establishment or an establishment for the wholesale of retail distribution of such commodities, the employees in such separate enterprise are not engaged in agriculture (see *Walling* v. *Rocklin,* 132 F.2d 3; *Mitchell* v. *Huntsville Nurseries,* 267 F.2d 286).

This principle is inapplicable here. There is no allegation either in the Complaint or in the Luk Declaration that DeVilbiss "operates" a "processing establishment or an establishment for the wholesale of retail distribution" of horticultural commodities. *Id.* Nor even if some such establishment existed, DOL does not allege that it is a "separate enterprise" from DeVilbiss. It is important to remember that DOL's investigation began 11 months before it filed its lawsuit; if any facts supporting its theory, DOL would definitely have alleged them. The reason DOL did not make these allegations is because there are no facts to support them.

The last part of § 780.209 also undermines DOL's case. It states:

> Although the handling and the sale of nursery commodities by the grower at or near the place where they were grown may be incidental to his farming operations, the character of these operations changes when they are performed in an establishment set up as a marketing point to aid the distribution of those products.

---

[3] Rule 56(c)(4) requires that Affidavits presented in opposition to summary judgment motions "must be based on personal knowledge." To the extent that the Luk Declaration relies on hearsay, it cannot be considered by the Court.

5

This part of the interpretation strongly supports DeVilbiss' motion to dismiss. A worker's handling of nursery commodities by the grower at or near the worksite is incidental to the growing operation. Their character changes only "when they are performed in an establishment set up as a marketing point to aid the distribution of those products." There is no allegation to this effect. DOL's only "authority" for its theory of the case thoroughly rebuts DOL's current litigation position.[4]

Thus, the state of the law for determining whether DeVilbiss' activities as "agriculture" is that businesses cultivating, growing, and harvesting horticultural commodities are "agriculture." DOL's Complaint and its Opposition concede that DeVilbiss Landscape is a landscape design company that "handles" and "works on plants, trees, mulch and landscaping materials." These are activities that fall within the definition of agriculture and therefore § 213(b)(12). The Complaint and Opposition do not establish, or even contend, that the character of all DeVilbiss' activities are non-agricultural and so they only contend that some incidental activities are outside the definition. But this definition is comprehensive; the FLSA specifically excludes workers in agriculture of all kinds and of all types from its overtime obligation. DOL's allegations are insufficient to state a claim.

    **C.**     **DeVilbiss' Employees Performed Agricultural Work Under 29 U.S.C. § 203(f).**

Lacking a substantive basis for the Complaint, DOL offers some procedural arguments instead. One is that it does not have to negate the applicability of § 212(b)(12). However, as part of its cause of action, DOL must prove that DeVilbiss' workers performed more than 40 hours of non-exempt work in each workweek from April 2014 through the present. *See Adkins v. Mid-Am. Growers, Inc.*, 167 F.3d 355, 359 (7th Cir. 1999), *citing Anderson v. Mt. Clemens Pottery Co.*, 328

---

[4] DOL does cite *Mitchell v. Huntsville Nurseries,* 267 F. 2d 286 (5th Cir. 1959). Because § 780.209 relies on *Mitchell*, DOL's reference adds nothing to § 780.209.

U.S. 680, 686-67 (1946). If not, DOL has failed to state a claim. DOL itself recognized this burden; that is why DOL affirmatively pleaded that the workers' activities were not agricultural. Similarly, the principle that DOL need not negate an exemption is inapplicable here. The FLSA distinguishes between "definitions" (§ 203) and "exemptions" (§ 213). *See Sandifer*, 134 S. Ct. at 879 n. 7. DOL's allegations that DeVilbiss' workers' activities were not within the definition of "agriculture" relate to a definition that is a part of its prima facie case, not directly to the applicability of an exemption. Finally, even if DeVilbiss could not have forced DOL to defend an exemption *per se*, DOL cannot be heard to complain now that DeVilbiss has shown that DeVilbiss operates in "agriculture" when DOL voluntarily injected the issue in the Complaint.

DOL's first claim is that handling a non-agricultural product is by itself sufficient to negate the exemption. However, as DOL acknowledges in its Opposition, p. 17, merely handling a non-agricultural product is insufficient to take a worker's activities outside of "agriculture" and defeat the exemption. *See Donovan v. Marrero*, 695 F. 2d 791, 796 (3d Cir. 1982).

DOL's second claim is that handling other growers' products categorically renders a particular worker's activities non-agricultural. That is not the law. *See* Section III.B, *supra*. Because DOL entirely relies on these propositions to support its claim that DeVilbiss employees performed non-exempt work, DOL has failed to state a claim upon which relief can be granted for unpaid overtime premiums under the FLSA.

### D. DeVilbiss Complied With DOL's Recordkeeping Requirements.

DOL alleged that DeVilbiss violated two of its recordkeeping regulations. *See* Complaint, ¶ 7. The first relates to straight time pay under 29 C.F.R. § 516.2(a)(8). The second relates to overtime earnings under 29 C.F.R. § 516.2(a)(9).

The Luk Declaration admits that DeVilbiss recorded straight time hours correctly. *See* Declaration of Rowena Luk, ¶ 4. The Court should therefore dismiss DOL's claim based on § 516.2(a)(8).

DOL also failed to state a claim as to DeVilbiss' recording of overtime earnings. Section 516.2(a)(9) requires employers to record "with respect to each employee to whom . . . both sections 6 and 7(a)[5] of the Act apply" the employee's "total overtime earnings." There is no dispute that DeVilbiss accurately recorded each employee's overtime earnings. It would have been inaccurate to record as paid the overtime earnings that DOL now thinks is "due," but unpaid. Whatever § 516.2(a)(9) requires it can be safely said that the section does not require an employer to falsify its payroll records.

Moreover, DOL's interpretation of § 516.2 renders that section simply a bootstrap claim. Under DOL's approach, if a company should have paid overtime wages, that failure constitutes a recordkeeping violation even where, as in this case, it is undisputed that the company's records are accurate and complete.

### E. The Court May Grant Summary Judgment.

DOL argues that the Court may not consider DeVilbiss' alternative motion for summary judgment without rigorous adherence to the notification procedure provided in Federal Rule of Civil Procedure 12(d). When considering a decision to convert a Rule 12 motion into a motion for summary judgment, the Third Circuit reviews three questions. The first is whether the district court considered materials outside the complaint. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The concern raised in this question is whether DOL may not have notice

---

[5] Section 7(a) refers to 29 U.S.C. § 207(a) is the section that imposes the general obligation to pay an overtime premium under the FLSA. Section 7(a) does not apply to any employee who works "agriculture" as defined by 29 U.S.C. § 203(f).

8

of DeVilbiss' operation and therefore find itself surprised. *Id.* The second question is "whether the parties had adequate notice of the district court's intention to convert." *Id.* Finally, the third question is "if the parties did not have notice, whether the court's failure to provide notice was harmless error." *Id.* The rationale for these rules is to avoid prejudicial surprise. *Id.*

DOL has had a full and adequate opportunity to gather information and present in opposition to Defendants' motion. DOL knew whether DeVilbiss' activities fell into the FLSA's definition of "agriculture" was an issue and tried to anticipate it. DOL investigated DeVilbiss for at least 11 months before filing its lawsuit. DOL had enough time to gather materials in response to DeVilbiss' summary judgment materials and presumably submitted everything it thought necessary to try to create a genuine issue of material fact. Indeed, DOL sought, and was granted, an enlargement of time to file its opposition. DOL was given, and took advantage of, a full and fair opportunity to present whatever factual material it chose. DOL would not be prejudiced in the least if the Court treated DeVilbiss' motion as one for summary judgment.

Moreover, the lack of formal discovery at this stage of this litigation should not give the Court pause as it decides whether to treat this motion as one for summary judgment. DOL did not invoke the procedure of Fed. R. Civ. P. 56(e) or otherwise indicate that it needed further discovery. If DOL desired discovery, it should have followed the proper procedure:

> This court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.

*Dowling v. Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988). DOL does cite or rely on this requirement, indicating that its 11-month investigation provided DOL enough facts (in its opinion) to oppose summary judgment. That is why DOL did not oppose summary judgment on the ground that it desired to conduct discovery first.

### III. CONCLUSION

Because DeVilbiss grows, cultivates, and harvests horticultural commodities, its activities qualify as "agriculture" under 29 U.S.C. § 203(f). Because DeVilbiss' workers are employed in "agriculture," DeVilbiss does not have to pay them an overtime premium. DeVilbiss was required to, and did, record its workers' straight time hours properly. DeVilbiss was required to, and did, record its workers' overtime earnings accurately.

For the foregoing reasons and such others as may appear to the Court, the Complaint should be dismissed or, in the alternative, the Court should grant summary judgment in DeVilbiss' favor.

Dated: <u>July 24, 2017</u>

<u> /s/ Frank E. Noyes, II </u>
Frank E. Noyes, II (Del ID 3988)
**Offit Kurman, P.A.**
1201 N. Orange St., 7th Floor
Wilmington, DE 1980
(302) 573-2307
*Attorneys for* Defendants *DeVilbiss Landscape Architects, Inc., and Paul DeVilbiss*

OF COUNSEL:
Wendel V. Hall
**Hall Law Office, PLLC**
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 661-2173

4831-8179-8476, v. 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR )<br><br>Plaintiff, )<br><br>DEVILBISS LANDSACPE ARCHITECTS, INC., a corporation d/b/a DEVILBISS LANDSCAPE ARCHITECTS, and PAUL DEVILBISS )<br><br>Defendants ) | Civil Action No. 17-00354-GMS |

## CERTIFICATE OF SERVICE

I, Frank E. Noyes, II, Esquire, hereby certify that on the date set forth below I served a true and correct copy of the *Reply in Support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment* by e-mail only on the below listed counsel.

>Nicholas C. Geale
>Oscar L. Hampton III
>Elspeth L. Doskey
>U.S. Department of Labor
>Office of the Solicitor, Region III
>Suite 630E, The Curtis Center
>170 S. Independence Mall West
>Philadelphia, Pennsylvania 19106-3306
>Email: Doskey.Elspeth.L@dol.gov

Dated: July 24, 2017

   /s/ *Frank E. Noyes*   
Frank E. Noyes, II
**Offit Kurman, P.A.**
1201 N. Orange Street, 7th Floor
Wilmington, Delaware 19801
(302) 573-2307
Email: fnoyes@offitkurman.com