IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 17-354 (MN) |
| DEVILBISS LANDSCAPE ARCHITECTS, INC. a corporation d/b/a DEVILBISS LANDSCAPE ARCHITECTS; and PAUL DEVILBISS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Frank E. Noyes, II, Offit Kurman P.A., Wilmington, DE; Wendel V. Hall, Hall Law Office, PLLC, Washington, DC – attorneys for Plaintiff

Matthew R. Epstein, U.S. Department of Labor, Office of the Solicitor, Philadelphia, PA – attorney for Defendants

October 17, 2018
Wilmington, DE


NOREIKA, U.S. DISTRICT JUDGE:

On March 31, 2017, Plaintiff, R. Alexander Acosta, Secretary of Labor ("Plaintiff" or "Secretary") filed this suit against Defendants DeVilbiss Landscape Architects, Inc. and Paul DeVilbiss (collectively "Defendants") asserting violations of the Fair Labor Standards Act ("FLSA"). (D.I. 1). Pending before the Court is Defendants, motion to dismiss the Complaint, or in the alternative, for summary judgment. (D.I. 7). In addition, in connection with the briefing on that motion to dismiss, Defendants have moved (D.I. 13) to strike paragraphs 11-14 of the Declaration of Rowena Luk (D.I. 10, Exh A), which was submitted in connection with Plaintiff's opposition. For the reasons stated below, the Court will deny both motions.

## I. FACTUAL BACKGROUND

Paul DeVilbiss, a landscape architect, is the president and owner of DeVilbiss Landscape Architects, Inc., a company engaged in landscape design. (D.I. 1 at ¶¶ 1, 2). The Complaint in this action alleges that during the period from "at least April 18, 2014 through at least April 15, 2016," Defendants employed workers "engaged in retail and wholesale nursery operations, who worked over 40 hours in a workweek" but failed to compensate them appropriately for their overtime hours. (D.I. 1 at ¶ 6). It alleges that Defendants' employees engaged in activities such as "routinely handling landscaping materials including but not limited to mulch, bricks, pavers, and gravel" and handling "plants and trees that were not grown" by Defendants, which are "not agriculture within the meaning of the [FLSA]." (*Id.*). The Complaint further alleges that Defendants "failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issue and found at 29 C.F. R Part 516." (*Id.* at ¶ 7).

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[O]n the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 555-56. Put simply, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the plausibility standard does not require probability but requires more than a sheer possibility that a defendant has acted unlawfully.).

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679.

2

Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. The Complaint Sufficiently Alleges Violation Of the FLSA.

Section 7 of the FLSA forbids an employer from employing any worker "for a workweek longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the [worker's] regular rate" for the excess hours. 29 U.S.C. § 207(a)(1). *See Brock v. Claridge Hotel and Casino*, 846 F.2d 180, 183 (3d Cir. 1988). Here, the Complaint alleges employees worked more than 40 hours in a workweek and were not paid the required overtime premium. *(E.g.* D.I. 1 at ¶ 6) ("[w]orkweeks for these employees ranged from approximately 60 to approximately 80 hours, but the employees did not receive time and one-half their regular rate for their overtime hours.") Thus, Defendants' motion to dismiss on this basis must be denied.

Similarly, the FLSA recordkeeping regulations, 29 C.F.R. §§ 516.2(a)(8) and 516.2(a)(9), require that payroll records reflect segregated earnings for both straight-time and overtime. Here, the Complaint adequately pleads recordkeeping violations by alleging that Defendants failed to make, keep, and preserve adequate and accurate records containing "total daily or weekly straight-time earning or wages" in compliance with § 516.2(a)(8) and "employees' total premium pay for overtime hours" in compliance with § 516.2(a)(9). (D.I. 1 at ¶ 7). Defendants do not dispute that the Complaint alleges violations, but rather assert that Defendants' "records contain all of the required information" and asks the Court to review "selected payroll reports" that are not part of the pleadings in this case or the public record. (D.I. 8 at 6). In evaluating a motion to dismiss, the Court should not consider extraneous materials, but should only consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). As the Complaint alleges record violations (even though the violations themselves are disputed), the Court denies Defendants' motion to dismiss on this ground as well.

### 2. The Court Cannot Dismiss the Complaint for Failure to Plead the Absence of an FLSA Exemption.

As discussed above, Plaintiff's allegations of overtime work without appropriate overtime compensation are sufficient to meet the requirements of Rule 8(a)(2). "The absence of an FLSA exemption is not a required element of Plaintiff's claim and, therefore, Plaintiff need not plead facts which would permit a finder of fact to conclude that an exemption does not apply." *Sloane v. Gulf Interstate* Case *Field Servs., Inc.*, No. CV 15-1208, 2016 WL 878118, at *5 (W.D. Pa. Mar. 8, 2016). An exemption, however, "may be plead[ed] as affirmative defense to an FLSA claim. As such, Defendant's reliance upon affirmative defenses at this stage is misguided, as it is inappropriate for the Court to grant a motion to dismiss based on an affirmative defense where the

4

factual predicate of said defense is not apparent from the face of the complaint." *Id.* (citing *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005); *In re Tower Air, Inc.*, 416 F.3d 229, 242 (3d Cir. 2005) ("affirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)"); *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) ("an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)")).

Moreover, as the Third Circuit has recognized, "[u]nder Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses . . ." *Schmidt*, 770 F.3d at 248. "On a Rule 12(b)(6) motion, an affirmative defense . . . is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." *Flight Sys. v. Electronic Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal citation omitted).

Here, the absence of an FLSA exemption is not a required element of Plaintiff's claim and, therefore, Plaintiff need not plead facts that would permit a finder of fact to conclude that an exemption does not apply. Moreover, federal courts have held that whether a plaintiff falls within a particular exemption under the FLSA overtime provision constitutes a mixed question of law and fact, and ultimately requires courts to examine the historical and record facts. *Hein v. PNC Fin. Servs. Grp., Inc.*, 511 F.Supp.2d 563, 570 (E.D. Pa. 2007). As a result, courts have denied motions to dismiss when a defendant relies on an exemption. *See Haskins v. VIP Wireless Consulting*, C.A. No. 09-754, 2009 WL 4639070, at *6 (W.D. Pa. Dec. 7, 2009) ("We conclude such a detailed, fact-intensive analysis is impossible at this stage of the litigation."); *Snyder v. Dietz & Watson, Inc.*, 837 F.Supp.2d 428, 451–52 (D.N.J. 2011) ("The Court finds that resolution of the affirmative defense raised by Defendants is not appropriate on a motion to dismiss under

5

Rule 12(b)(6)."). So, too this Court denies Defendants' motion to dismiss based on the pleadings here.

B. <u>Motion for Summary Judgment</u>

Defendants ask that, in the alternative, their motion to dismiss be considered as a motion for summary judgment. (D.I. 7; D.I. 8). Summary judgment is only appropriate if admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable factual inferences must be made in a light most favorable to the nonmoving party. *Id.* at 255. Summary judgment should only be granted if no reasonable trier of fact could find for the non-moving party. *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989).

Here, both parties have submitted declarations and other extraneous materials for the Court to consider. The Court cannot, however, at this stage or on the partial record before it, conclude that no genuine issues of fact exist, and believe that any summary judgment motions are more appropriately filed after discovery in this case has occurred. Thus, the Court denies Defendants' motion to the extent it seeks summary judgment.

C. <u>Motion to Strike</u>

The Court has declined to entertain a motion for summary judgment at this time. In evaluating the motion to dismiss, the Court has considered only the allegations in the Complaint, the exhibit attached to the Complaint, and any matters of public record. It has not considered the declarations submitted by either party in connection with the motion to dismiss, and thus Defendants' motion to strike is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to dismiss the Complaint and motion to strike paragraphs 11-14 of the Declaration of Rowena Luk. An appropriate order will follow.