IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARTIN J. WALSH, SECRETARY OF )
LABOR, UNITED STATES )
DEPARTMENT OF LABOR )
)
           Plaintiff, )
       v. )   C.A. No. 17-354 (MN)
)
DEVILBISS LANDSCAPE ARCHITECTS, )
INC. d/b/a DEVILBISS LANDSCAPE )
ARCHITECTS and PAUL DEVILBISS, )
)
          Defendants. )

## **MEMORANDUM OPINION**

Seema Nanda, Solicitor of Labor, Oscar L. Hampton III, Regional Solicitor, Matthew R. Epstein, Trial Attorney, United States Department of Labor, Philadelphia, PA – attorneys for Plaintiff

William D. Sullivan, SULLIVAN HAZELTINE ALLINSON LLC, Wilmington, DE; Wendel V. Hall, THE HALL LAW OFFICE, PLLC, Washington, DC – attorneys for Defendants

March 28, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

This case arises under the Fair Labor Standards Act of 1938 ("the FLSA"), 29 U.S.C. § 201 *et seq.* The Court presided over a three-day jury trial from June 30, 2021 to July 2, 2021. (*See* D.I. 128, 129 & 130). At the end, the jury found that Defendant Paul DeVilbiss was an employer under the FLSA and that he and Defendant DeVilbiss Landscape Architects, Inc. d/b/a DeVilbiss Landscape Architects ("DeVilbiss Landscape") (collectively, "Defendants") were liable for unpaid overtime to a number of employees because the agricultural exemption provided by the FLSA did not apply. Presently before the Court are Defendants' renewed motion for judgment as a matter of law (D.I. 133) and motion to alter or amend the judgment (D.I. 135), as well as Plaintiff's motion to amend the judgment (D.I. 131). For the reasons set forth below, the Court will DENY Defendants' motions for judgment as a matter of law and to alter or amend the judgment, and the Court will GRANT-IN-PART and DENY-IN-PART Plaintiff's motion to amend the judgment.

## I.     BACKGROUND

Subject to certain exceptions, the FLSA requires employers to pay overtime to employees who work more than forty hours in any given workweek. *See* 29 U.S.C. § 207; *see also id.* §§ 216(b) & (c) (providing private cause of action for overtime pay violations, as well as Secretary cause of action for the same). Plaintiff, Secretary of Labor for the United States Department of Labor ("Plaintiff" or "the Secretary"), filed this case against Defendants for violations of the overtime pay requirements of the FLSA.[1] (*See generally* D.I. 1). In particular, Plaintiff sought unpaid overtime wages owed to ten employees of DeVilbiss Landscape. Plaintiff alleged that, from at least April 18, 2014 to April 15, 2016, Defendants willfully failed to pay the overtime due

---

[1]     Plaintiff also claimed that Defendants violated the recordkeeping provisions of the FLSA (*i.e.*, § 211(c)), but that was not a standalone violation that Plaintiff pursued.

under the FLSA to the following employees:  Fernando Garcia Sanchez, Javier Garcia Sanchez, Luis Enrique Garcia Sanchez, Paulino Garcia Sanchez, Jose Guadalupe Rodriguez Cano, Juan Manuel Rodriguez Cano, Lazaro Rodriguez Cano, Salomon Rodriguez Cano, Andres Sanchez Cano and Marcelino Sanchez Cano.  (*See id.* ¶ 6; *see also id.*, Schedule A (list of employees at issue attached to Complaint)).  Plaintiff also sought to enjoin Defendants from committing future violations of the FLSA overtime provisions and from withholding any overtime backpay due. (D.I. 1 at 4-5).  Defendants defended against the allegations primarily on the grounds that the employees at issue were exempt from the FLSA overtime pay requirements because they were engaged in agriculture.  (*See, e.g.*, D.I. 8 at 35; D.I. 30 at 4; D.I. 91 at 3).[2]

From June 30, 2021 to July 2, 2021, the Court presided over a jury trial.  (*See* D.I. 128, 129 & 130).  The jury found that Mr. DeVilbiss was an employer within the meaning of the FLSA such that he could be liable for failure to pay overtime wages and that the ten employees at issue were either engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce.[3]  (D.I. 123 at 1). The jury further found that Defendants had failed to prove that those ten employees were exempt from the FLSA's overtime pay requirements under the agricultural exemption for any relevant

---

[2]     Defendants also repeatedly argued that the action was time-barred because Plaintiff did not name the individual employees as plaintiffs in the case caption.  (*See, e.g.*, D.I. 19 at pg. 6 of 7 (Joint Status Report listing Defendants' argument); D.I. 30 at 3 (Answer including Defendants' argument as Defense No. 2); D.I. 47 at 4-11 (Defendants' premature request for summary judgment on this issue); D.I. 53 (Defendants' Rule 12(c) motion on this issue)).  The Court rejected this argument.  (D.I. 144 at 38:2-39:8).  Defendants raised the issue again in the proposed pretrial order, and the Court again rejected Defendants' position.  (*See* D.I. 91 at 10-11 (proposed pretrial order); *see also* D.I. 103 at 24:6-10 (ruling at final pretrial conference)).  Defendants make the same argument in one of their post-trial motions, which the Court addresses *infra*.

[3]     The parties had stipulated that the entity – DeVilbiss Landscape – and its employees were subject to the overtime pay requirements of the FLSA.  (*See* D.I. 123 at 1).

time period.  (*Id.* at 2; *see also id.* at 3-5).  The jury also found that Defendants' failure to pay overtime wages was not willful.  (*Id.* at 6).  The jury did not render a damages award because the parties had agreed to calculations for the amounts of overtime backpay due in the event that liability was found.  (*See* D.I. 126 at 1-2; *see also* Tr. at 386:15-396:4 & 459:4-7).[4]

On July 19, 2021, the Court entered judgment on the jury verdict under Rule 58(b) of the Federal Rules of Civil Procedure.  (*See* D.I. 127).  On August 16, 2021, Plaintiff moved to amend the judgment under Rule 59(e) (*see* D.I. 131 & 132), and Defendants filed a renewed motion for judgment as a matter of law under Rule 50(b) (*see* D.I. 133 & 134) and a separate motion to amend or alter the judgment under Rule 59(e) (*see* D.I. 135 & 136).  Briefing on post-trial motions was completed on September 13, 2021.  (*See* D.I. 138, 139, 140, 141, 142 & 143).

## II.   LEGAL STANDARDS

### A.   Judgment as a Matter of Law

Judgment as a matter of law may be entered against a non-moving party if the Court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue."  FED. R. CIV. P. 50(a)(1).  Judgment as a matter of law is appropriate "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability."  *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).  Entry of judgment as a matter of law is a remedy to be invoked only "sparingly."  *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 383 (3d Cir. 2004).

Following a jury trial, a renewed motion for judgment as a matter of law under Rule 50(b) may be granted only if the movant demonstrates "that the jury's findings, presumed or express,

---

[4]      Citations to "Tr." are citations to the trial transcript.  (*See* D.I. 128, 129 & 130).

are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (alteration in original) (internal quotation marks omitted).  Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the finding under review.  *See Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018).  In determining whether substantial evidence supports the jury verdict, the Court may not make credibility determinations, weigh the evidence or substitute its own conclusions for that of the jury where the record evidence supports multiple inferences. *See Lightning Lube*, 4 F.3d at 1166.

        B.      Altering or Amending Judgment

        Rule 59(e) provides that a party may make a motion to alter or amend a judgment within 28 days after the entry of judgment.  FED. R. CIV. P. 59(e).  To succeed on a motion to alter or amend a judgment, the moving party must show:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  The purpose of such a motion is to "correct manifest errors of law or fact."  *Id.*  A motion to alter or amend a judgment "that advances the same arguments already thought through and rejected by the court – rightly or wrongly – should be denied."  *Lopez Garza v. Citigroup Inc.*, 2016 WL 7297364, at *1 (D. Del. Dec. 9, 2016) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).  "[T]he standard for obtaining relief under Rule 59(e) is a difficult one to meet."  *Siemens Medical. Sols. USA, Inc. v. Saint Gobain Ceramics & Plastics, Inc.*, 2009 WL 4891774, at *2 (D. Del. Dec. 16, 2009).

III.   **DISCUSSION**

A.   Defendants' Post-Trial Motions

As set forth above, the jury found that Defendants' employees were not exempt from the overtime pay requirements under the FLSA based on the agricultural exemption and, as such, DeVilbiss Landscape and Mr. DeVilbiss were liable for unpaid overtime.  (*See* D.I. 123 at 2-5). Defendants' post-trial motions are not focused on whether substantial evidence supported the jury's findings as to the agricultural exemption.  Rather, Defendants' renewed motion for judgment as a matter of law under Rule 50(b) argues that Mr. DeVilbiss is not liable for the overtime wages due because he is not a covered employer within the meaning of the FLSA.  (*See* D.I. 133 & 134). Defendants separately move under Rule 59(e) to alter the judgment, arguing that the Court cannot enjoin Mr. DeVilbiss because he is not an employer under the FLSA and, further, that the Court lacks "subject matter jurisdiction" to enjoin DeVilbiss Landscape.  (*See* D.I. 135 & 136).  Also in the same Rule 59(e) motion, Defendants request reconsideration of their motion for judgment on the pleadings on the basis that the action is time-barred because Plaintiff failed to name each employee in the case caption.  (*See* D.I. 136 at 1-7).  The Court addresses each motion in turn.

**1.   Defendants' Renewed Judgment as a Matter of Law that Mr. DeVilbiss Is Not an "Employer" Under the FLSA**

The parties agreed that DeVilbiss Landscape was an employer within the meaning of the FLSA and its employees were covered by the overtime requirements.  (*See* D.I. 123 at 1 ("The parties have an agreement that DeVilbiss Landscape Architects is an employer and its employees are covered."); *see also* Tr. at 311:21-312:2 & 412:21-25).  Indeed, Defendants stipulated that the Secretary made out his overtime claim under § 216(c) as to DeVilbiss Landscape and the only issues submitted to the jury were related to Mr. DeVilbiss and the agriculture exemption.  (Tr. at 343:25-344:6).  As to Mr. DeVilbiss, the jury was asked to decide whether he was an employer

within the meaning of the FLSA and whether his employees[5] were either engaged in commerce (or the production of goods for commerce) or employed in an enterprise engaged in commerce (or the production of goods for commerce). (*See* D.I. 123 at Question Nos. 1 & 2). The jury answered yes to both – *i.e.*, that Mr. DeVilbiss was an employer under the FLSA and his employees satisfied the threshold commerce requirement to be eligible for overtime. (*Id.*). Defendants challenge the jury's findings, arguing that "Plaintiff failed to carry its burden of proving that any of Mr. DeVilbiss' employees were 'engaged in commerce' so as to hold him liable as an employer under § 207(a)." (D.I. 134 at 5). In Defendants' view, this necessarily means that Mr. DeVilbiss is not a "covered" employer under the FLSA (because Plaintiff purportedly failed to prove Mr. DeVilbiss's ***employees*** were covered). (*Id.* at 4 ("Mr. DeVilbiss is Not a 'Covered' Employer.")). Plaintiff argues that Defendants are confusing the concept of "coverage" (which applies to employees and gives them protection under the FLSA) with the definition of "employer" (which gives rise to liability under the FLSA). (*See* D.I. 138 at 1). The Court agrees with Plaintiff.

This dispute first arose in connection with jury instructions. Defendants argued that Plaintiff had to prove that Mr. DeVilbiss was not just an employer under the FLSA, but also a "covered" employer under the FLSA. (*See, e.g.*, D.I. 101 at 18-21 (Defendants' proposed instruction on coverage)). Although the parties struggled to present the issue in a coherent manner, the Court ultimately concluded that Plaintiff did not have to separately prove Mr. DeVilbiss was a "covered" employer within the meaning of the FLSA. (*See* Tr. at 199:5-200:21, 310:1-339:7 & 385:13-4). Rather, based on the relevant statutory language in connection with the definitions provided in § 203, the Court found that Mr. DeVilbiss could be liable for unpaid overtime under

---

[5]    The employees at issue with respect to Mr. DeVilbiss are the same ten employees at issue with respect to DeVilbiss Landscape.

the FLSA as long as (1) he was found to be an "employer" as defined therein and (2) the employees at issue were either engaged in commerce or employed in an enterprise engaged in commerce. (Tr. at 385:21-386:4).  The jury was instructed accordingly[6] and answered both questions in the affirmative.  (D.I. 123 at Question Nos. 1 & 2; *see also* D.I. 121 at 12-13 (final jury instructions)).

In ruling on Defendants' motion under Rule 50(b) here, the Court reiterates its conclusion on the question of "employer" versus "coverage" as it relates to Mr. DeVilbiss.  The relevant FLSA overtime provision is as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  The threshold requirement for overtime protection is from the vantage point of the employee – *i.e.*, the employee is either engaged in commerce (or in the production of goods for commerce) or employed in an enterprise that is engaged in commerce or the production of goods for commerce.  The FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" to mean "an enterprise that . . . (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)."  29 U.S.C. § 203(s)(1)(A)(i)-(ii).  And the FLSA defines "employer" broadly to "include[] any person acting

---

[6]     Both sides moved for judgment as a matter of law on this issue and the Court denied both motions.  (Tr. at 339:3-13; *see also id.* at 310:1-16).

directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Apart from the **employee** commerce requirement above, the statute says nothing about an employer satisfying any threshold test to trigger this FLSA overtime provision. Moreover, the plain language of the statute shows that the threshold commerce requirement for the employee need only be satisfied once. That is, an employee can be employed in an enterprise engaged in commerce (thereby falling within coverage of the FLSA) and that employee can also be simultaneously employed by an individual (*e.g.*, someone who owns an enterprise entity). In that situation where there is enterprise coverage for the employee and an individual employer is also involved, the only question as to the individual employer is whether he or she is an "employer" as defined by the FLSA such as to be liable for any FLSA violations. That is precisely the situation here.

Thus, although Defendants are correct that the employees at issue must fall within the threshold commerce requirement to be eligible for overtime under § 207(a)(1) (*see* D.I. 134 at 5-6), the Secretary is not required to prove this element for each **employer** at issue.[7] Indeed, Defendants admitted this element was met when they stipulated that DeVilbiss Landscape's employees were covered by the FLSA and that DeVilbiss Landscape was "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.[8] (*See,*

---

[7]     The problem with Defendants' arguments (and supporting authority) is that they are from the vantage point of the individual employees – *i.e.*, actions initiated by employees, not the Secretary. This distinction is relevant because suits by individuals under § 216(b) require a plaintiff to show he is covered by the FLSA such that he may sue his employer for FLSA violations. Indeed, many of Defendants' cases include language about plaintiffs showing that the FLSA overtime provision applies. (*See* D.I. 134 at 4). This makes no sense in the context of an action brought by the Secretary under § 216(c), where the plaintiff is the Secretary of Labor and does not need to show the FLSA applies to it.

[8]     To be sure, Defendants separately stipulated that DeVilbiss Landscape and its employees handled goods that had been moved in interstate commerce and that DeVilbiss Landscape had annual gross revenues exceeding $500,000 for each relevant year. (*See* Tr. at 138:14-139:7 & 141:20-22; *see also id.* at 139:10-140:13 (employees at issue employed by DeVilbiss Landscape)). These stipulations also establish that the employees at issue were

*e.g.*, D.I. 123 at 1 ("The parties have an agreement that DeVilbiss Landscape Architects is an employer and its employees are covered."); Tr. at 412:21-25 ("The parties have stipulated that during the relevant time period, the employees at issue in this case were employed in an enterprise that had annual gross sales of at least $500,000 and was an enterprise engaged in commerce or in the production of goods for commerce."); *see also* Tr. at 311:21-312:2 ("THE COURT: . . . Do you agree that the coverage issue is not disputed for the entity [DeVilbiss Landscape]? MR. SULLIVAN: I think we stipulated to that, Your Honor.")). The natural consequence of these stipulations is that the ten employees at issue here all satisfy the commerce requirement set forth in the overtime provision of § 207(a)(1). As such, the jury was required to answer "YES" to Question No. 2. And the jury did. (D.I. 123 at 1). There is no basis to disturb this finding.

Finally, although Defendants confuse the issue of "coverage" with "employer" status, it may be that Defendants' argument is really about whether Mr. DeVilbiss is also an employer alongside DeVilbiss Landscape that is jointly liable for the failure to pay overtime.[9] That is, the issue that Defendants are complaining of is not one of coverage but rather one of personal liability. Even if that were Defendants' argument, however, the Court would not disturb the verdict or shield Mr. DeVilbiss from liability. First, Defendants did not separately challenge the jury's finding that Mr. DeVilbiss is an "employer." (*Compare* D.I. 123 at Question No. 1, *with* D.I. 134 (Defendants' brief silent on this issue)). Indeed, such a challenge would be difficult because Defendants stipulated that "Paul DeVilbiss was the owner of DeVilbiss Landscape Architects during the relevant time period . . . [and that] . . . Paul DeVilbiss had the authority to hire, fire, and set rates

---

employed in "an enterprise engaged in commerce or in the production of goods commerce" within the meaning of the FLSA, thereby triggering the overtime protections of § 207(a)(1).

[9]   Again, Defendants conceded that the Secretary prevailed on his overtime claim as it related to the DeVilbiss Landscape entity. (Tr. at 343:25-344:6).

of pay for the [employees at issue]." (D.I. 91 ¶¶ 6-7 (admitted facts); *see also* Tr. at 140:10-21 (stipulated facts being read into the record); 411:100-14 (Court instructing the jury as to same)). These admitted facts support the finding that Mr. DeVilbiss is an "employer" within the meaning of the FLSA under the Third Circuit's *Enterprise* test. *See In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012). Moreover, the FLSA's definition of "employer" is broad and contemplates liability for multiple employers for any given employee. "Under the FLSA, multiple persons or entities can be responsible for a single employee's wages as 'joint employers' in certain situations." *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014); *see also Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) ("The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973))); *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."). Because Mr. DeVilbiss meets the definition of "employer" under the FLSA and multiple employers may be liable for failure to pay overtime, the Court finds no reason to disturb the verdict.

In sum, because substantial evidence supported the jury's finding that Mr. DeVilbiss's employees satisfied the threshold commerce requirement so as to be protected by the overtime pay requirements of the FLSA (and that Mr. DeVilbiss was an "employer" properly held liable under the FLSA), Defendants' motion under Rule 50(b) will be denied.

### 2. Defendants' Motion Under Rule 59(e) to Alter the Judgment and for Reconsideration of Defendants' Motion for Judgment on the Pleadings

On July 19, 2021, the Court entered judgment under Rule 58(b). (*See* D.I. 127). That judgment was derived from a proposed form of judgment that was jointly submitted by the parties

– one that included a number of agreed-upon provisions.  (*See* D.I. 126).  Defendants now seek to alter that judgment under Rule 59(e), arguing that injunctive relief is not proper against DeVilbiss Landscape or Mr. DeVilbiss for separate reasons.  (*See* D.I. 136 at 7-9).  Also moving under Rule 59(e), Defendants request that the Court reconsider its denial of Defendants' request for judgment on the pleadings on the grounds that this action is time-barred because Plaintiff did not name individual employees as plaintiffs in the case caption. (*See id.* at 1-7; *see also id.* at 1-2 ("Defendants respectfully seek reconsideration in order to prevent a manifest error of law and manifest injustice.")).

Turning first to Defendants' motion for reconsideration, the decision for which reconsideration is sought is from March 2020.  (*See* D.I. 79 & 144).  In that decision, the Court addressed Defendants' argument that the Secretary must list each individual employee in the case caption in order to constitute a timely filed action under § 216.  (*See* D.I. 52 & 53).  In particular, Defendants argued that the statute of limitations continues to run for each individual owed overtime until the Secretary designates the individuals as a party plaintiffs under § 216(c).  (D.I. 53 at 3-9).  In Defendants' view, this meant that the Secretary was required to list in the caption as plaintiffs each individual purportedly owed overtime by Defendants for the action to be considered commenced as to those individuals (and because Plaintiff failed to ever do so, the action was time-barred).  Plaintiff responded that no such formality was necessary in an action maintained by the Secretary, arguing that it was sufficient to name the ten employees at issue in Schedule A attached to the Complaint.  (D.I. 54 at 6-10; *see also* D.I. 1, Schedule A).  At the conclusion of argument held on March 18, 2020, the Court denied Defendants' motion, ultimately agreeing with Plaintiff

that naming the affected employees in Schedule A was sufficient.  (*See* D.I. 144 at 38:2-39:8).  Defendants ***now***[10] seek reconsideration of that decision under Rule 59(e).  (D.I. 136 at 1-7).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood*, 176 F.3d at 677.  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).  Defendants argue that reconsideration is necessary and appropriate here to correct a clear error of law and to prevent manifest injustice based on a Supreme Court decision that issued on April 29, 2021.  (*See* D.I. 136 at 1-2).  That case, *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), involved a provision of the Illegal Immigration Reform and Immigration Responsibility Act that pauses the period of time a non-resident is considered to have spent in the United States continuously.  The relevant provision states that a non-resident's period of continuous presence in the United States stops when the non-resident is served with a notice to appear for removal proceedings.  Despite the Government's practice to the contrary, the Supreme Court held that the plain language of the statute required service of a single document containing all of the requisite information to constitute sufficient notice to trigger the "stop time" provision.  *Id.* at 1486.

Even if the *Niz-Chavez* case were relevant to any issue in this case, the Court would find Defendants' request untimely.  *Niz-Chavez* issued in April 2021 and Defendants waited until August 2021 (*i.e.*, well after trial) to request reconsideration of their motion for judgment on the pleadings.  If Defendants thought *Niz-Chavez* at all relevant to their time-bar arguments, Defendants should have raised the issue as soon as the Supreme Court decision issued.  More

---

[10]     Defendants never requested reconsideration of the Court's decision under Local Rule 7.1.5.

troubling is that *Niz-Chavez* came out ***before*** the parties submitted the proposed pretrial order on June 16, 2021 – when Defendants again raised this issue despite the Court already having decided it in connection with summary judgment. (*See* D.I. 91 at 10-11 (Defendants failing to raise *Niz-Chavez*)). And Defendants never mentioned *Niz-Chavez* at the final pretrial conference. It is simply too late for *Niz-Chavez* to be a credible basis for Defendants' motion for reconsideration, even if that case did constitute an intervening change in controlling law. *See Cirba Inc. v. VMWARE, Inc.*, No. 19-742-LPS, 2020 WL 7489765, at *2 (D. Del. Dec. 21, 2020) (finding reconsideration arguments waived where movant relied upon case that issued two days before the Court heard oral argument and three weeks before Court made its decision for which reconsideration was sought). In any event, *Niz-Chavez* had nothing do with the FLSA or any remotely analogous provision in the Illegal Immigration Reform and Immigration Responsibility Act. The Court can discern no reason why it is being offered as a justification to modify its ruling that the Secretary of Labor need not list the individual employees as party plaintiffs in the case caption in an FLSA overtime violation case. Therefore, the Court will deny Defendants' request for reconsideration of the Court's decision as it relates to the time-bar arguments.

Finally, as to Defendants' motion under Rule 59(e) to alter or amend the judgment's injunctive relief provisions, Defendants' arguments are not well taken. The language in the operative judgment is the very language that Plaintiff and Defendants jointly proposed. (*Compare* D.I. 126 ¶¶ 8-9, *with* D.I. 127 ¶¶ 5-6). Defendants agreed to be subject to injunctions related to future violations of the FLSA and from withholding the overtime pay that was due in this case. (*Id.*). If Defendants took issue with the form or substance of the injunctive relief provisions in the judgment, they should not have agreed to the language at all. Rather, Defendants should have taken the time to draft provisions they were satisfied with and submitted those as a competing

proposal to any differing language offered by Plaintiff.[11]   And as to the substance of their arguments, Defendants do not cite a single case that supports their position that DeVilbiss Landscape cannot be subject to an injunction because it is currently "shuttered."  (*See* D.I. 136 at 7-9).  And although Defendants argue that Mr. DeVilbiss should not be enjoined because he is not a "covered" employer within the meaning of the FLSA, the Court has already rejected that argument.  (*See supra* § III.A.1).  Defendants make no other arguments as to why the agreed-upon injunction as to Mr. DeVilbiss is improper.  Therefore, Defendants' motion to alter or amend the injunctive relief provisions of the judgment will be denied.

      B.    <u>Plaintiff's Motion to Amend the Judgment</u>

As set forth above, the jury found that Defendants were liable for unpaid overtime to the ten employees at issue, during the time period spanning from April 2015 to April 2016.  (D.I. 123 at 3-5).  Because the jury found that Defendants' failure to pay overtime was not willful, Plaintiff could not recover damages for violations for an additional year – *i.e.*, violations occurring from April 2014 to April 2015.  (*See* D.I. 123 at 6; *see also* D.I. 121 at 19 & 21 (final jury instruction on statute of limitations and willfulness and the impact on damages)).[12]  Plaintiff now moves under Rule 59(e) to amend the judgment to include liquidated damages in the full amount authorized by the statute.  (*See* D.I. 131 & 132).  In that same motion under Rule 59(e), Plaintiff also requests

---

[11]    That the parties included a boilerplate reservation of rights in their proposed form of judgment does not change the Court's conclusion.  (*See* D.I. 126 ¶ 10).  If that could allow Defendants to avoid the language they agreed to, joint proposals would be largely meaningless.  *See, e.g.*, *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932) (Cardozo, J.) ("Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned.").

[12]    Willful violations of the FLSA operate to extend the statute of limitations from two years to three years.  *See* 29 U.S.C. § 255(a); *see also Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 126 (3d Cir. 2017).

that the Court find as a matter of law that Defendants' violations were willful.  (*See* D.I. 131 at 1; D.I. 132 at 9 ("Plaintiff asks that the Court amend the judgment as permitted under Fed. R. Civ. Pro. 59(e) to reflect that the violations were willful.")).   The Court will begin with Plaintiff's request to amend the judgment to include liquidated damages in the full amount permitted by law.

### 1.   Plaintiff's Request to Amend the Judgment to Include Liquidated Damages Under § 216

The FLSA provides that the Secretary may recover as liquidated damages an amount equal to the amount of unpaid overtime owed by the Defendants.  *See* 29 U.S.C. § 216(c) ("The Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages."). "Liquidated damages are compensatory.  They ease any hardship endured by employees who were deprived of lawfully earned wages."  *Sec'y United States Dep't of Lab. v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017); *see also Martin v. Selker Bros.*, 949 F.2d 1286, 1299 (3d Cir. 1991) (explaining that liquidated damages "are compensatory rather than punitive in nature"). Moreover, liquidated damages under the FLSA are mandatory except where the Court finds the employer acted reasonably and in good faith.  *See American Future*, 873 F.3d at 433; *see also* 29 U.S.C. § 260 ("[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216]."). Indeed, liquidated damages are recoverable even in the absence of an intentional violation.  *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984).  Whether to reduce or eliminate liquidated damages is a matter left to the Court's sound discretion.  *See* 29 U.S.C. § 260.

The employer bears a "plain and substantial" burden of proving that it should be afforded any discretionary relief from the mandatory liquidated damages requirement. *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991). "[E]mployers must show good faith and reasonable grounds before a court may exercise 'sound discretion' to deny or limit liquidated damages." *Id.*; *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) ("Double damages are the norm, single damages the exception, the burden on the employer."). "The good faith requirement is a subjective one that 'requires that the employer have an honest intention to ascertain and follow the dictates of the Act.'" *Cooper Electric Supply*, 940 F.2d at 907 (quoting *Tri-County Growers*, 747 F.2d at 129). As to the reasonableness requirement, the employer's conduct is assessed under an objective standard. *See Tri-County Growers*, 747 F.2d at 129. "Ignorance alone will not exonerate the employer under the objective reasonableness test." *Id.* If the employer cannot produce "plain and substantial evidence" that it satisfies both the good faith and objective reasonableness prongs, the Court has no discretion to deny liquidated damages. *Id.* This burden is "difficult" for the employer to meet. *Cooper Elec. Supply Co.*, 940 F.2d at 908.

As to the first prong – subjective good faith – Plaintiff argues that Defendants have offered no evidence that they attempted to discern whether they were in compliance with the FLSA's overtime requirements. (D.I. 132 at 6). In their opposition, the only "evidence" that Defendants cite is the fact that the jury found the FLSA violations were not willful. (D.I. 140 at 6-7). In Defendants' view, the jury's finding of no willfulness "indicates that the jury believed Mr. DeVilbiss was not aware that the failure to pay the overtime premium was a violation of the FLSA. This is the equivalent of a good faith finding." (*Id.* at 7). Yet Defendants cite no cases to support their assertion that a jury's finding of no willfulness necessitates a finding of good faith in the liquidated damages inquiry. This would be an odd result as willfulness and good faith are

distinct inquiries, operating under different standards, belonging to opposing parties.  *See Al Stewart v. Picante Grille LLC*, No. 2:19-00866-RJC, 2021 WL 5920812, at *10 (W.D. Pa. Dec. 15, 2021) ("Defendants conflate the standard for willfulness, upon which a plaintiff bears the burden of proof, and the standard for an employer's relief from otherwise mandatory liquidated damages, i.e., the good faith requirement, upon which the employer bears the burden of proof."). In fact, that the Third Circuit permits liquidated damages even in the absence of an intentional (*i.e.*, willful) violation shows that Defendants cannot be correct.  *See Tri-County Growers*, 747 F.2d at 129.

More problematic, however, is that Defendants provide the Court with no evidence to support a finding of subjective good faith.  (*See* D.I. 140 at 6-7).  To satisfy their burden on this first prong, Defendants must show they "took affirmative steps to ascertain the [FLSA]'s requirements, but nonetheless, violated its provisions."  *Cooper Electric Supply*, 940 F.2d at 908. That showing requires evidence.  Defendants do not point the Court to any record evidence that shows an honest intention to determine the FLSA's overtime requirements with respect to the ten employees at issue here.  The Court has also reviewed the trial record and found the requisite "plain and substantial evidence" to be lacking.  Mr. DeVilbiss testified that he was told by third-party Labor Consultants International ("LCI") that he was in compliance, that his accountant confirmed the same and that he also did some research on the internet.  (Tr. at 178:25-180:13; *see also* Tr. at 193:2-194:12 & 194:24-196:2).  Mr. DeVilbiss "felt in [his] heart" that he was doing the right thing.  (*Id.* at 180:12).  LCI was not called to testify at trial.  Nor was Mr. DeVilbiss's accountant. And Mr. DeVilbiss offered no documentary evidence of these communications or his own internet research.  In terms of ascertaining the FLSA's overtime requirements and how to comply therewith, the Court finds there is insufficient evidence of the requisite subjective good faith.

Having found that Defendants have failed to come forward with "plain and substantial evidence" of their subjective good faith, the Court is left without discretion to reduce or eliminate liquidated damages and need not proceed to the objective reasonableness prong. *See Tri-County Growers*, 747 F.2d at 129; *see also Acosta v. Heart II Heart, LLC*, No. 2:17-1242, 2019 WL 5197329, at *9 (W.D. Pa. Oct. 15, 2019) ("By taking no affirmative steps prior to Wage and Labor's investigation, Defendants cannot demonstrate good faith. This is fatal to Defendants' position and the Court's analysis need proceed no further."). Plaintiff's motion to alter or amend the judgment to include liquidated damages in an amount equal to the overtime backpay due will be granted. Thus, the judgment will be amended to include an additional $50,622.64 in damages.

### 2. Plaintiff's Request to Amend the Judgment to Overturn the Jury's Finding that Defendants' FLSA Violations Were Not Willful

After hearing evidence presented by Plaintiff and countervailing evidence offered by Defendants, the jury found that Defendants' failure to pay overtime to the ten employees at issue was not willful. (*See* D.I. 123 at 6). Plaintiff argues that "[t]he jury's verdict that Defendants' conduct was not willful was contrary to the facts and the law and should be vacated." (D.I. 132 at 2; *see also id.* at 9 ("The facts that the court needs to consider with respect to willfulness are not in dispute; the jury made a legal error in not finding willfulness based on the record evidence.")). As such, Plaintiff requests under Rule 59(e) that the Court amend the judgment to find that Defendants' failure to pay overtime was willful as a matter of law. (*See id.* at 9-12). The Court disagrees that Rule 59(e) is the proper mechanism to advance these arguments.

"Rule 59(e) allows a trial court to correct a verdict that is incorrect as a matter of law." *Watcher v. Pottsville Area Emergency Med. Servs., Inc.*, 248 F. App'x 272, 275 (3d Cir. 2007); *see also Keifer v. Reinhart Foodservices, LLC*, 563 F. App'x 112, 115 (3d Cir. 2014) ("[I]f the jury erred as a matter of law in awarding loss of future earnings and/or future medical expenses to

Peter, the District Court could have rectified that error through the Rule 59(e) motion . . . .").  A motion to amend the judgment under Rule 59(e) is not meant to advance arguments about the sufficiency of the evidence or what a plaintiff believes the factfinder should have concluded.  *See, e.g., Pharmacy Corp. of Am./Askari Consol. Litig.*, No. 16-1123-RGA, 2021 WL 4033238, at *3 (D. Del. Sept. 3, 2021) ("Plaintiffs use this [Rule 59(e)] briefing to reargue its trial evidence, while claiming that the Court erred in its findings and conclusions, seemingly because Plaintiffs simply disagree with the Court's consideration of the evidence and evidentiary decisions. That is not the purpose of a motion to alter or amend the judgment under Rule 59(e)."); *see also Robinson v. Watts Detective Agency, Inc.*, 685 F.2d 729, 742 (1st Cir. 1982) ("A motion to alter or amend judgment pursuant to Rule 59(e) may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's seventh amendment right to a jury trial.  If the relief sought here were granted, it would require a reexamination of the facts found by the jury and a finding of liability where the jury had expressly found none." (citations omitted)).

Despite styling its motion as a motion under Rule 59(e), Plaintiff's request seeks judgment as a matter of law under properly brought under Rule 50(b).  Plaintiff claims that he is not asking the Court to reweigh evidence or credibility determinations.  (D.I. 132 at 10 n.5).  But he is. Indeed, Plaintiff argues that "[t]he undisputed evidence that was presented at trial proves by a preponderance of the evidence that Defendants willfully violated the FLSA because they were aware that they needed to pay overtime and failed to pay it" and that "Defendants' excuses for why they stopped paying overtime are not credible reasons to find that the violation was not willful." (*Id.* at 10-11).  These are, in fact, requests that the Court substitute its judgment for that of the jury – requests that belong in motion for judgment as a matter of law.  Plaintiff, however, did not move for judgment as a matter of law under Rule 50(a) on the issue of willfulness before the case was

submitted to the jury.[13]  The Court will not hear these arguments now disguised as a Rule 59(e) motion.  *See Brown v. Grass*, 544 F. App'x 81, 85 (3d Cir. 2013) ("Although Brown requests judgment in her favor under Rule 59(e), she is, at bottom, making a sufficiency of the evidence argument, asserting that the evidence admits of only one conclusion:  a material breach occurred. That argument is foreclosed, however, because Brown did not move for judgment as a matter of law based on the sufficiency of the evidence before the case was submitted to the jury, as is required by Rule 50.").  Therefore, Plaintiff's motion to amend the judgment to find willfulness as a matter of law will be denied.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to amend the judgment (D.I. 131) is GRANTED-IN-PART and DENIED-IN-PART, Defendants' renewed motion for judgment as a matter of law (D.I. 133) is DENIED and Defendants' motion to amend the judgment (D.I. 135) is DENIED.  An appropriate order will follow.

---

[13]    After moving for judgment as a matter of law on the issue of Mr. DeVilbiss's status as an "employer," all Plaintiff said on willfulness was this:  "we would move – the other weeks for willfulness, ***potentially***."  (Tr. at 310:25-311:1 (emphasis added)).  Plaintiff never made that motion or explained what the grounds for such a motion would be.